UNITED STATES of America, Plaintiff–Appellee,

v.

Neil Len TEETH, aka Neil Len Jones, Defendant–Appellant.

No. 06–30235.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed Feb. 13, 2007.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

L. Sanford Selvey, Esq., Selvey Law Firm, Billings, MT, for Defendant–Appellant.

Before: BEEZER, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM **

A jury convicted Defendant Neil Len Teeth of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

■ 1. On de novo review, *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir.2004), we hold that the district court did not err in denying Defendant's Federal Rule of Criminal Procedure 29 motion for acquittal. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Defendant possessed a firearm. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating standard of review).

Even assuming that the jury had to find that Defendant possessed the specific firearm described in the indictment, *but see United States v. Hartz*, 458 F.3d 1011, 1021–22 (9th Cir.2006), there was sufficient evidence that he did. For example, the jury learned that Defendant's girlfriend

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

purchased, and later pawned, the very rifle in question and that between those dates Defendant possessed and hunted with a rifle consistent with a description of that rifle.

■ 2. We review for abuse of discretion the district court's denial of Defendant's motion for a new trial premised on alleged prosecutorial misconduct, *United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir.2002), and find no error. The prosecutor's comments during closing argument did not amount to misconduct because a prosecutor may draw reasonable inferences from the evidence and is not limited to a mere summary. *United States v. Bracy,* 67 F.3d 1421, 1431 (9th Cir.1995). Additionally, the prosecutor did not implicitly comment on Defendant's failure to testify because other witnesses testified to his hunting with a rifle and not a crossbow. Moreover, the district court's cautionary instruction to the jury, after Defendant objected, cured any possible prejudice.

3. We have found no error. Therefore, Defendant's argument that the alleged errors cumulatively require reversal is unpersuasive.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.